IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01303-BNB

PHILIP A. PUNK JR.,

    Plaintiff,

v.

STATE OF COLORADO,
EL PASO COUNTY,
D. A. STAFF,
SHERIFF'S OFFICE,
POLICE INVESTIGATORS, and
JUDGE'S STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2009

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff Philip A. Punk Jr. is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Punk initiated this action by submitting to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, on May 27, 2009. The Complaint was deficient, and Mr. Punk was instructed to cure the deficiency, which he did on June 15, 2009.

The Court must construe the Complaint liberally because Mr. Punk is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Complaint and action will be dismissed.

Mr. Punk raises three claims challenging his conviction in his state court criminal proceedings. In particular Mr. Punk asserts poor representation by his defense counsel, a coerced confession, and illegal detainment. He seeks money damages and expungement of the criminal convictions.

Mr. Punk may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Punk, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. Punk does not allege an invalidation of his conviction or revocation of parole nor is there an indication in the Complaint that he was granted one. Any claims challenging Mr. Punk's criminal state court proceedings would be barred by *Heck*.

Furthermore, to the extent that Mr. Punk is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to

28 U.S.C. § 2241, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this  15  day of          July         , 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01303-BNB

Philip A. Punk Jr.
Prisoner No. 120656
Sterling Correctional Facility
PO Box 6000 - Unit 2 B 208 A
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/15/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk